UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE SUE FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00812-SRC |
| | ) | |
| DONALD BIG, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

In June 2024, self-represented Plaintiff Jamie Sue Ford filed suit alleging a bevy of unusual facts. Alongside her complaint, she filed two duplicative motions seeking leave to proceed *in forma pauperis*, and a motion for the appointment of counsel. Having reviewed Ford's first motion for leave to proceed IFP, the Court determines that she cannot pay the civil filing fee, grants her motion, and denies her duplicative motion as moot. Then, on initial review under 28 U.S.C. § 1915(e), the Court deems the complaint frivolous and dismisses it with prejudice. Finally, the Court denies Ford's motion for the appointment of counsel as moot.

**I.      Background**

Ford sued Donald Big using the Court's civil complaint form and attached 11 handwritten pages containing additional factual allegations. Docs. 1, 1-1. Where the form seeks information relating to jurisdiction, Ford appears to invoke federal question jurisdiction on the basis that someone named Big "[r]obbed the Federal reserve" and "[h]is group is trying to kill" Ford and her "2 kids and 4 grandbabies." Doc. 1 at 3. Where the form invites the plaintiff to "[l]ist the federal officials or federal agencies involved," Ford wrote "Federal reserve Bank." *Id.* And where the form seeks information relating to diversity jurisdiction, Ford identifies herself

and Big as Missouri citizens and asserts an amount in controversy of "1 trillion" because "[h]e's been doing" a lot of "crimes against [her] with a group of people." *Id.* at 4.

Ford does not, however, identify the defendant other than by the name "Donald Big." *See* docs. 1, 1-1. Where the form provides room for the plaintiff to state the facts supporting her claims, Ford writes:

> They been hurting me And my children for long time they are a sex And Drug trAfficing group and a Human trafficking group I can prove everything I've stated. This has got worse now they are stealing everything I own, My back knee, sholders face, There trying to kill me for knowing About them Robbing FederAl reserve they are the riches in the world illegAlly felonys I've wrote 10 pages about crimes this group hAs done to me it inclosed as evidence I'm asking for the courts help and it'll help You cAtch this group Here's NAme
>
> Donald Big . . .
> LAtrisha Cone . . .
> Robert Cone . . .
> Mechael McDonAld . . .
> JAmes BurnhAm JR III . . .
>
> Check New CArs, New houses, there moving around buying house DonAld Big is for the group His Hacked disAbility and foodstAmps unemployement Millions with his hacking federAl offenses[.]

*Id.* at 5.

In the attached pages, Ford adds that Big and his group are "using me and my kids and grandbabies for body parts," that they removed "things" from someone's body, and "are putting our body parts on her my [sic] spine[,] they changed her blood to mine O Blood hers AB" [sic]. Doc. 1-1 at 1. Ford alleges that Big and his group have, among other crimes, committed robbery and murder, cloned people, and used shape shifters to cover up their crimes. *Id.* at 2–4. She alleges the existence of an "Alien Board with powers" and a "teleportation device and time travel devices and Alien weapons from Moon" [sic]. *Id.* at 5. She alleges that Big uses his computer "to erase peoples Mind" [sic], that he and his group "stole weapons from Moon that are Alien

2

weapon [sic] and other device like time travel, teleportation device and ability device giving them ability that a Shape Shifter" [sic], and that they "drink Shape Shifter Blood to get powers too." *Id.* at 5–6.  In the remaining pages, Ford goes on to make similar allegations, largely in incoherent, stream-of-consciousness fashion.  *See id.* at 7–11.

For relief, Ford states:

> I want Justice And protection agAinst these people listed and I want the value in all stuff stole And I want them in Prison for life sentence for Murder, Attempted Murder accessory to murder money laundrying[.]

Doc. 1 at 5.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a pro se complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which the Court can grant relief.  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional,'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328).  Although "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

When reviewing a pro se complaint under section 1915(e)(2), the Court must give it the benefit of a "liberal construction"—meaning that "if the essence of an allegation is

3

discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  Finally, affording a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**III.    Discussion**

Having reviewed Ford's complaint and given it the benefit of a "liberal construction," *Solomon*, 795 F.3d at 787 (quoting *Stone*, 364 F.3d at 914), the Court finds that Ford's allegations contain no claims over which the Court may exercise jurisdiction.  Instead, the complaint makes numerous "clearly baseless" allegations.  *Neitzke*, 490 U.S. at 327.  As set forth above, Ford seeks $1 trillion and other relief based on such allegations as that Big and others stole her body parts, used shape-shifters and clones, stole alien weapons from the moon, and obtained powers from drinking "Shape Shifter Blood."  *See* doc. 1-1.  The Court finds Ford's allegations delusional, "ris[ing] to the level of the irrational or wholly incredible." *Denton,* 504 U.S. at 33.  The Court therefore deems Ford's complaint "frivolous" because it "lacks an arguable basis . . . in law or in fact." *Neitzke*, 490 U.S. at 325.

4

Section 1915 provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, in the light of its frivolity determination, the Court dismisses this case with prejudice.

## IV.    Certificate of appealability

In Part III above, the Court deemed Ford's complaint frivolous because "it lacks an arguable basis . . . in law or in fact." *Neitzke,* 490 U.S. at 325. For the same reasons, the Court "is thoroughly convinced that there is no substantial question for review and that an appeal will be futile." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). Accordingly, the Court certifies that an appeal from this order would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

## V.    Conclusion

The Court finds that Ford cannot pay the filing fee, grants her first motion for leave to proceed *in forma pauperis*, doc. 2, waives the filing fee, and denies as moot Ford's duplicative motion, doc. 3. Next, the Court deems Ford's complaint, doc. 1, frivolous, and dismisses this case with prejudice. Finally, in the light of its frivolity determination, the Court denies Ford's motion for the appointment of counsel, doc. 4, as moot. A separate Judgment accompanies this Memorandum and Order.

So ordered this 16th day of August 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

5